IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TH MAGNESIUM, INC<br>56 Inverness Drive East,<br>Suite 260<br>Englewood, Colorado 80112 | )<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| ALLPASS CORPORATION<br>2605 Crane Avenue<br>Ashtabula, OH 44004 | )<br>)<br>)<br>)<br>) | **PLAINTIFF TH MAGNESIUM'S COMPLAINT FOR BREACH OF CONTRACT**<br><br>**JURY DEMAND ENDORSED HEREIN** |
| Defendant. | ) | |

Plaintiff TH Magnesium, Inc. ("TH Magnesium"), for its Complaint against Defendant AllPass Corporation ("AllPass") states as set forth below.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, as this is an action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(a)(2) as a substantial part of the events or omissions giving rise to the claims occurred in this district.

### THE PARTIES

3. TH Magnesium is a corporation organized under the laws of the State of Colorado with its principal place of business in Englewood, Colorado.

4. Upon information and belief, AllPass is an Ohio corporation with its principal place of business located in Ashtabula, Ohio.

## BACKGROUND

5. TH Magnesium specializes in the manufacture and distribution of specialty magnesium products including custom extrusions, anodes, various magnesium alloys, other fabricated magnesium products.

6. Upon information and belief, AllPass assembles and manufactures metal parts.

7. AllPass uses TH Magnesium as its supplier for various magnesium products, including magnesium rods, which it uses for its assembly of heating elements.

8. Since December 2012, TH Magnesium has delivered hundreds of thousands of dollars of its products to AllPass.

9. By the terms of the parties' agreements, AllPass was required to pay for the products supplied by TH Magnesium.

10. Instead of paying for the goods it has received, AllPass has refused to pay for $365,282.20 worth of products contained in five separate orders. The five Purchase Orders at issue in this case are attached hereto as Exhibit 1.

11. Immediately upon receiving these Purchase Orders, TH Magnesium confirmed receipt and responded with a Sales Order, which contained a "Net 30" term. The five Sales Orders at issue in this case are attached hereto as Exhibit 2.

12. TH Magnesium supplied the ordered products to AllPass and issued Invoices to AllPass requiring payment within 30 days. The five Invoices at issue in this case are attached hereto as Exhibit 3.

13. The unpaid balances remaining on the Invoices (with due dates) are as follows:

    a. 162-SR1257: $1,286.12 (June 22, 2013)

    b. 169-SR1286: $67,870.98 (July 27, 2013)

    c. 170-SR1287: $98,629.40 (July 27, 2013)

   d.  179-SR1288: $98,872.80 (September 4, 2013)

   e.  183-SR1289: $98,622.90 (September 11, 2013)

14. AllPass continues to refuse to pay for the products in accordance with the requirements of the Purchase Orders and the Sales Orders.

15. AllPass's refusal to pay for the products after accepting delivery is a breach of the contracts between the parties.

16. TH Magnesium is unable to mitigate its losses because AllPass remains in possession of the products.

## COUNT I
### (Breach of Contract)

17. TH Magnesium incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully re-written herein.

18. The parties entered into written contracts evidenced by the Purchase Orders and the Sales Orders attached as Exhibits 1 and 2.

19. TH Magnesium delivered the products to AllPass on the dates reflected on the Invoices attached as Exhibit 3.

20. AllPass was required to pay for the products within 30 days of the date on the Invoices.

21. Despite numerous attempts to collect, AllPass has refused to pay for $365,282.20 of invoiced goods that TH Magnesium delivered to AllPass.

22. AllPass's refusal to pay is a breach of the contract and has harmed TH Magnesium.

23. As a result of AllPass's breach, TH Magnesium has incurred, and continues to incur, economic damages which include, but are not limited to, direct, indirect, expectation,

consequential, incidental, and reliance damages in an amount to be established at trial, but in excess of $365,282.20, plus interest. Such damages include, but are not limited to the value of the delivered goods, late fees, costs associated with collection, and interest.

24. That TH Magnesium would incur such damages was foreseeable due to the fact that TH Magnesium reasonably expected to be paid by AllPass for its goods and AllPass knew the agreements between the parties required it to pay TH Magnesium for the delivered goods.

## COUNT II
### (Promissory Estoppel)

25. TH Magnesium incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully re-written herein.

26. AllPass promised to pay for those products contained on the Purchase Orders attached as Exhibit 1.

27. In reasonable reliance on that promise, TH Magnesium shipped the products identified on the Purchase Orders to AllPass. *See* Exhibit 1.

28. Despite its promises and representations, AllPass wrongfully and unilaterally has refused to pay for the items TH Magnesium has delivered.

29. As a result of AllPass's withdraw of its promise, TH Magnesium has incurred, and continues to incur, significant legal detriment including economic damages which include, but are not limited to, reliance damages in an amount to be established at trial, but in an amount in equal to the value of the shipped goods.

30. TH Magnesium is entitled to recover damages against AllPass under promissory estoppel in an amount to be proven at trial, not less than $365,282.20, plus interest.

## COUNT III
### (Unjust Enrichment)

31. TH Magnesium incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully rewritten herein.

32. As a result of TH Magnesium shipping the goods described in Exhibit 1, 2 and 3 to AllPass, TH Magnesium conferred a benefit upon AllPass with a fair market value of at least $686,427.70, of which $365,282.20 remains unpaid.

33. AllPass knew or should have known that the delivery of goods by TH Magnesium was undertaken with the expectation of payment of reasonable value.

34. AllPass was aware of and had knowledge of the delivery of these goods by TH Magnesium and AllPass was also aware it had received a benefit as a result of TH Magnesium's delivery of these goods.

35. Permitting AllPass to retain the benefits of TH Magnesium's goods without requiring it to reimburse TH Magnesium would be unjust under the circumstances.

## COUNT IV
### (Conversion)

36. TH Magnesium incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

37. By accepting delivery of the goods identified in Exhibits 1, 2, and 3, and by refusing to pay for such goods in full, AllPass exercised dominion and control over TH Magnesium's property.

38. AllPass did so in a manner inconsistent with TH Magnesium's ownership rights.

39. As a direct and proximate result of AllPass's wrongful disposition of TH Magnesium's property, TH Magnesium has suffered damages in an amount to be established at trial, but in excess of $365,282.20, plus interest.

WHEREFORE, Plaintiff TH Magnesium, Inc., demands that judgment be rendered against Defendant AllPass Corporation, granting TH Magnesium the following relief:

    a.    On Count I, II, and III, for economic damages in an amount that is presently unknown, but will be proven at trial and in any event exceeds $365,282.20, and for such other equitable and remedial relief as appropriate;

    b.    On Count IV, for damages to property in an amount that is presently unknown, but will be proven at trial and in any event exceeds $365,282.20, and for such other equitable and remedial relief as appropriate;

    c.    For interest accrued since CE Power's breach;

    d.    For TH Magnesium's costs incurred herein, including attorneys' fees; and

    e.    For any other relief, legal, equitable, or injunctive, that is warranted.

Respectfully submitted,

/s/ *Albert J. Lucas*
Albert J. Lucas    (0007676)
Jason J. Blake    (0087629)
CALFEE, HALTER & GRISWOLD LLP
1100 Fifth Third Center
21 East State Street
Columbus, Ohio  43215-4228
Telephone: (614) 621-1500
Facsimile:  (614) 621-0010
alucas@calfee.com
jblake@calfee.com

*Attorneys for Plaintiff TH Magnesium, Inc.*

**JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues so triable by the maximum number of jurors allowed.

                                                  /s/ *Albert J. Lucas*
                                                  One of the Attorneys for Plaintiff TH Magnesium Inc.